STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ARLIE E. CAMPBELL,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1291** (BOR Appeal No. 2049633)
              (Claim No. 980011066)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**MYLAN PHARMACEUTICALS, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Arlie E. Campbell, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jacqueline A. Hallinan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 19, 2014, in which the Board affirmed a July 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 16, 2014, decision issuing a wean and taper order for sixty days for the following medications: Effexor, Cyclobenzaprine, and Diclofenac Sodium. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Campbell worked for Mylan Pharmaceuticals, Inc. On March 20, 1997, Mr. Campbell reinjured his neck when he hit his head. The claim was initially held compensable for sprain of the neck, and displaced cervical intervertebral disc was later added. Mr. Campbell is requesting the following medications be authorized: Effexor, Cyclobenzaprine, and Diclofenac Sodium. Mr. Campbell had two independent medical examinations. First, Robert B. Walker, M.D., found there was no causal relationship between Mr. Campbell's 1997 work injury and his current subjective symptoms. Secondly, Bruce Guberman, M.D., found the medications were appropriate and necessary for persistent symptoms of the work injury. In a supplemental report, Dr. Walker disagreed with Dr. Guberman and stated that Dr. Guberman mainly relied on the timing of the incident coinciding with Mr. Campbell's loss of function. However, Dr. Walker found no mechanism of injury related to this one work incident that would cause a rather dramatic decrease in function and increase in pain.

The Office of Judges affirmed the claims administrator's decision and found that the requested medications are related more to his non-compensable medical conditions than they are to his neck sprain that occurred in 1997. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Campbell disagrees and asserts that the medications are to treat his chronic pain caused by the work-related injury and that the chronic pain caused his depression, which is treated by one of the medications. The West Virginia Office of Insurance Commissioner maintains that the preponderance of the evidence fails to show the requested treatment is reasonably required or medically necessary to treat Mr. Campbell's compensable injuries.

The Office of Judges concluded that Dr. Guberman failed to explain how the medications were appropriate for this work injury given Mr. Campbell's significant pre-existing problems. The Office of Judges noted that Dr. Guberman simply found the injury caused "chronic" pain but failed to provide a reasonable explanation as to why the other non-compensable conditions were not the root cause of this "chronic" pain when the injury in this claim was superimposed upon significant pre-existing degenerative conditions. The Office of Judges determined that Dr. Walker's reports were persuasive and concluded that this injury was not the cause for Mr. Campbell's current complaints. The Office of Judges stated that Effexor is an anti-depressant medication and that there is persuasive evidence that Mr. Campbell's depression was pre-existing. Mr. Campbell also did not submit a current psychiatric report, and the Office of Judges found that there is evidence that Mr. Campbell is not being treated by a psychiatric professional. The Office of Judges concluded that Mr. Campbell's current treatment is no longer related to his neck sprain of 1997. The Board of Review agreed with the Office of Judges.

This Court agrees with the conclusions of the Board of Review. The Office of Judges failed to mention that this claim has also been held compensable for displaced cervical intervertebral disc. However, Dr. Walker knew this condition had been held compensable along with neck sprain and considered both conditions in his findings and conclusions. Therefore, the Office of Judges not mentioning this condition as compensable does not create a reversible error. Dr. Walker concluded that the treatment was no longer for the 1997 work injury but was for Mr. Campbell's pre-existing degenerative conditions. Mr. Campbell has not proved by a preponderance of the evidence that these medications are reasonable and medically necessary for his compensable conditions.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3